Howard N. Wisnia (SBN 184626)
Colin H. Murray (SBN 159142)
April M. Wurster (SBN 228038)
**Baker & McKenzie LLP**
12544 High Bluff Drive, Third Floor
San Diego, CA 92130-3051
Telephone: +1 858 523 6200
Facsimile: +1 858 259 8290
howard.n.wisnia@bakernet.com
colin.h.murray@bakernet.com
april.m.wurster@bakernet.com

Attorneys for Plaintiff
BANGKOK BROADCASTING & T.V. CO., LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANGKOK BROADCASTING & T.V. CO., LTD., a Thailand corporation,<br><br>Plaintiff,<br><br>v.<br><br>IPTV CORPORATION, a California corporation, THAITV.TV, an unknown business entity, BKT GROUP, a California corporation, MR. RON PETCHA, an individual, MS. TIP PETCHA, an individual, MR. NOPPADON WONGCHAIWAT, an individual, and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**CV09-03803  SJO (SSx)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Bangkok Broadcasting & T.V. Co., Ltd. ("BBTV") brings these claims against IPTV Corporation, Thaitv.tv, BKT Group ("BKT"), Mr. Ron Petcha (a.k.a. Mr. Ron Veera Petcharawuth), Ms. Tip Petcha (a.k.a. Ms. Tip Petcharawuth), Mr. Noppadon Wongchaiwat and Does 1-10 (collectively "Defendants") as follows:

## JURISDICTION

1.     This Court has federal subject matter jurisdiction under the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq*. and the Lanham Act 15 U.S.C. §§

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/700096.3

1   1051 *et. seq.* Jurisdiction is conferred under 17 U.S.C. § 501, 28 U.S.C. §§ 1331,

2   1338(a) and 1338(b) and 15 U.S.C. § 1121.

3       2.    This Court also has jurisdiction over the subject matter of this action

4   pursuant to 28 U.S.C. § 1332(a) because this civil action is between citizens of a State

5   and citizens or subjects of a foreign state and the amount in controversy exceeds

6   $75,000.00, exclusive of interest and costs.

7       3.    This action is also based upon state laws protecting against trademark

8   infringement and unfair competition and deceptive trade practices. This Court has

9   jurisdiction over the state claims pursuant to 28 U.S.C. § 1338(b). This Court also has

10  jurisdiction over the state claims under 28 U.S.C. § 1367(a) and the doctrine of

11  pendent jurisdiction.

12      4.    This Court has personal jurisdiction over Defendants since each is

13  engaged in substantial business and/or has committed tortious acts within this Judicial

14  District. Specifically, upon information and belief, the Defendants operate and

15  maintain business operations which advertise, market, promote, offer for sale, offer

16  for rental, sell and re-broadcast counterfeit copies of BBTV's copyrighted work

17  bearing BBTV's federally trademarked logo within this Judicial District. Defendants'

18  business operations are also believed to utilize electronic duplicating equipment for

19  the production of multiple copies of each of the programs for rent and/or resale.

20      5.    Upon information and belief, Defendant Mr. Ron Petcha, is a United

21  States citizen residing in California and specifically within this Judicial District at 425

22  Woodfield Rd., La Canada Flintridge, CA 91011.

23      6.    Upon information and belief, Defendant Ms. Tip Petcha, is a United

24  States citizen residing in California and specifically within this Judicial District at 425

25  Woodfield Rd., La Canada Flintridge, CA 91011.

26      7.    Upon information and belief, Defendant Mr. Noppadon Wongchaiwat is

27  a United States citizen residing in California and specifically within this Judicial

28  District at 600 Highland Dr., La Canada Flintridge, CA 91001.

## VENUE

8.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) because Mr. Petcha, Ms. Petcha and Mr. Wongchaiwat reside in this Judicial District, IPTV Corporation, Thaitv.tv and BKT are subject to personal jurisdiction in this Judicial District, and a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this Judicial District.

## PARTIES

9.     Plaintiff BBTV is a Thai corporation with a principal place of business at 998/1, Soi Ruam Sirimitra, Phaholyothin Road, Chomphol Sub-district, Jatujak District, Bangkok 10900, Thailand.

10.     Defendant IPTV d/b/a Thaitv.tv (collectively "IPTV") is a California corporation with a principal place of business located at 3235 N. San Fernando Rd. Unit 7A, Los Angeles, CA 90065.

11.     Defendant BKT is a California corporation with a principal place of business located at 3235 N. San Fernando Rd., Unit 7A, Los Angeles, CA 90065.

12.     Upon information and belief, BKT has at least one retail shop which sells pirated programs located at 3235 N. San Fernando Rd., Unit 7B, Los Angeles, CA 90065.

13.     Upon information and belief, BKT is the parent company of Defendant IPTV and is the controlling entity of Defendant IPTV.  Any and all acts alleged herein to have been committed by IPTV are therefore imputed to BKT.

14.     Upon information and belief, Mr. Petcha is employed, owns, operates and/or supervises the operation of BKT and IPTV and derives economic benefit from their business operations.

15.     Upon information and belief, Ms. Petcha is employed, owns, operates and/or supervises the operation of BKT and IPTV and derives economic benefit from their business operations.

16. Upon information and belief, Mr. Wongchaiwat is employed, owns, operates and/or supervises the operation of BKT and IPTV and derives economic benefit from their business operations.

17. Upon information and belief, Mr. Petcha authorizes and directs BKT's and IPTV's activities, including, without limitation, the activities infringing BBTV's copyrights and trademarks.

18. Upon information and belief, Ms. Petcha authorizes and directs BKT's and IPTV's activities, including, without limitation, the activities infringing BBTV's copyrights and trademarks.

19. Upon information and belief, Mr. Wongchaiwat authorizes and directs BKT's and IPTV's activities, including, without limitation, the activities infringing BBTV's copyrights and trademarks.

20. Upon information and belief, Defendants transact business throughout the world including in the United States and specifically with customers located within this Judicial District.

21. Defendant Does 1-5 are, upon information and belief, individuals who reside and/or conduct business within this Judicial District. Further, Does 1-5 are directly and personally contributing, inducing and/or engaging in the reproduction, preparation of derivative works, distribution, public performance and/or public display of BBTV's copyrights and trademarks. However, do the secretive nature of Does 1-5's activities, Plaintiff is ignorant of the true names of Does 1-5 and such names are fictitious. Plaintiff will amend this complaint to state the true identities of such fictitious defendants when known.

22. Defendant Does 6-10 are, upon information and belief, business entities who reside and/or conduct business within this Judicial District. Further, Does 6-10 are directly and personally contributing, inducing and/or engaging in the reproduction, preparation of derivative works, distribution, public performance and/or public display of BBTV's copyrights and trademarks. However, do the secretive nature of Does 6-

Baker & McKenzie LLP
San Diego

SDODMS1/700096.3

1  10's activities, Plaintiff is ignorant of the true names of Does 6-10 and such names are

2  fictitious.  Plaintiff will amend this complaint to state the true identities of such

3  fictitious defendants when known.

## BACKGROUND AND FACTS

### BBTV'S Business

6  23.  BBTV was established in 1967 in Bangkok, Thailand.

7  24.  BBTV operates Thailand's television Channel 7.

8  25.  BBTV is one of six free major television channels in Thailand.

9  26.  BBTV's programs are first broadcast in Thailand.

10  27.  BBTV's signal can be received via a standard home antenna.

11  28.  Some programs such as news reports, sports programs, variety shows and

12  special events are designed and created by BBTV.  Other programs such as drama

13  series (soap operas) and sitcoms, are designed and created by third parties under work-

14  for-hire contracts.

15  29.  For the programs BBTV accuses Defendants of infringing, BBTV owns

16  the copyright for the programs it creates and the programs created by third parties

17  under work-for-hire contracts.

18  30.  BBTV has a well established presence and reputation in the marketplace

19  and within the TV viewing community both in Thailand and here in this Judicial

20  District.

### BBTV's Copyrighted Works

22  31.  See exhibit 1 for a schedule of BBTV's registered copyrighted works

23  infringed by Defendants, see exhibit 2 for a schedule of BBTV's unregistered

24  copyrighted works infringed by Defendants (collectively "Copyrighted Works").

25  32.  BBTV has the exclusive right under the copyright laws to reproduce,

26  prepare derivative works, distribute, publicly perform and publicly display its

27  Copyrighted Works in the United States and abroad.

28  33.  BBTV has not abandoned its copyrights in the Copyrighted Works or any

Baker & McKenzie LLP
San Diego

SDODMS1/700096.3

Case No
COMPLAINT

1  interest in their exploitation.

2      34.     BBTV has invested, and continues to invest substantial sums of money,

3  time, effort and creative talent to make and produce its Copyrighted Works.  For

4  example, in order to produce the Copyrighted Works, BBTV is required to make

5  numerous payments, including but not limited to actor fees, location costs, printing

6  costs, film and processing costs, travel costs, as well as distribution, public relations,

7  legal, advertising and promotion costs.

8                          **BBTV's Trademarks**

9      35.     BBTV owns all right, title, and interest in and to a design mark which

10  consists of three overlapping circles with the number 7 written in the middle ("7 and

11  Design Mark"), including all common law rights:



15      36.     BBTV has registered its 7 and Design Mark with the U.S. Patent and

16  Trademark Office.  Exhibit 3, Registration number 3,176,451 and Exhibit 4,

17  Registration number 3,429,237.

18      37.     Since its first use, BBTV has continuously used the 7 and Design Mark

19  as an indicator of source of the goods and services sold, promoted or advertised.

20      38.     The 7 and Design Mark is arbitrary and fanciful and has acquired

21  secondary meaning.

22      39.     BBTV, through its licensee, has offered its programs for sale, rental

23  and/or broadcast in the United States in interstate commerce under the mark "7 and

24  Design Mark" since at least as early as 2003.

25      40.     In addition to customers in California, BBTV's programs have been sold,

26  made available for rental and/or broadcast to customers throughout the United States

27  and abroad.

28      41.     BBTV's 7 and Design Mark is well recognized by the public who have

6

1  come to associate BBTV as the source of e.g., news, drama series (soap operas),

2  variety shows, game shows, talk shows, music programs, cartoons, and sports shows

3  sold under BBTV's 7 and Design Mark.

4      42.    BBTV's continuous use of the 7 and Design Mark has resulted in the

5  development of immeasurable goodwill associated with BBTV and its programming.

6      43.    Upon information and belief, when Defendants sell, make available for

7  rental and re-broadcast the Copyrighted Works, the 7 and Design Mark appears in the

8  top right hand corner of the picture.

9      44.    Upon information and belief, Defendants have been using BBTV's

10  Copyrighted Work and the 7 and Design Mark without BBTV's permission since at

11  least August 1, 2008.

12                          **BKT's Business**

13      45.    BKT is a company that offers at least retail services,

14  network/communication services, financial services and media/entertainment services

15  to, among others, Thai and Lao customers living in the U.S. and abroad.

16      46.    Upon information and belief, BKT's retail store located at 3235 N. San

17  Fernando Rd., Unit 7B, Los Angeles, CA 90065 sells or makes available for rental

18  video tapes, VCDs and DVDs of BBTV's Copyrighted Works bearing the 7 and

19  Design Mark without BBTV's permission.

20      47.    Upon information and belief, BKT's 2005 annual sales for all existing

21  and new business units were approximately over $10 million dollars.

22      48.    Upon information and belief, BKT's projected growth sales rate is at a

23  minimum 15% per annum for the next to 2 years.

24      49.    Upon information and belief, the 2006 forecasted annual sales for all

25  existing and new business units was over $20 million dollars.

26      50.    Upon information and belief, IPTV is a subsidiary of BKT.

27      51.    BKT represents to its customers that IPTV has a license agreement with

28  BBTV (without specifying its limited scope).

SDODMS1/700096.3

## IPTV's Business

52.   BKT's media and entertainment services are run, in part, by IPTV.

53.   IPTV was officially established in 2004.

54.   IPTV is engaged in the business of, among other things, acquiring and exploiting the United States exhibition rights to television programs originally produced and broadcast on television in Thailand.

55.   Upon information and belief, IPTV offers Thai television programs for Thai communities, in the US and abroad, in a variety forms e.g. Internet protocol TV delivery through its website www.thaitv.tv in the format of live TV and video on demand, satellite TV, cable TV and Pay Per View.

56.   Upon information and belief, IPTV also offers certain programs for sale and rental in the form of video tapes, VCDs and DVDs.  These video tapes, VCDs and DVDs contain BBTV's Copyrighted Works and bear the 7 and Design Mark.

57.   Upon information and belief, Defendants distribute BBTV's Copyrighted Works via Distributors ("Distributors").

58.   Upon information and belief, Defendants have approximately 12 Distributors.

59.   Upon information and belief, Defendants' Distributors then distribute BBTV's copyrighted Works to Thai or Asian Shops located throughout the United States ("Shops").

60.   Upon information and belief, Defendants' Distributors distribute BBTV's copyrighted Works to approximately 200 Shops.

61.   Upon information and belief, Defendants also directly make BBTV's Copyrighted Works available for sale or rental in shops.

62.   IPTV's website, www.thaitv.tv, is inaccessible from Thailand but is accessible within the U.S. and abroad, including but not limited to Canada and Europe.

///

Baker & McKenzie LLP
San Diego

SDODMS1/700096.3

Case No
COMPLAINT

## The Parties' Past Relationship

63.    Beginning in 2003, BBTV entered into a series of license agreements with various Thai companies which are related to BBTV ("Master License Agreement"). These Thai companies in turn sublicensed their rights to IPTV ("Sublicense Agreement"). Based on IPTV's Sublicense Agreements, it was permitted to sell, rent and broadcast certain BBTV programs. Each agreement had a specified duration and termination date. The most recent, and final, agreement between Media of Medias (Master Licensee Agreement) and IPTV (Sublicense Agreement) was entered into in August 2007 and terminated on July 31, 2008. Exhibit 5.

64.    According to the August 2007 Sublicense Agreement, IPTV is still entitled to exploit certain programs. See Exhibit 6 for a list of Permitted Programs which IPTV may still exploit.

65.    However, IPTV continues to exploit other unlicensed programs, which are the subject of this suit.

## Defendants' Failure To Renew Or Obtain A Direct License

66.    The August 2007 Sublicense Agreement expired, according to its terms, and was not renewed.

67.    IPTV sought a direct license from BBTV.

68.    BBTV rejected IPTV's request for a direct license.

69.    The denial of a license agreement for IPTV was relayed to Mr. Petcha on September 3, 2008 via telephone.

70.    On September 4, 2008, Mr. Petcha called BBTV and requested that BBTV refrain from publicly announcing the denial of a license to IPTV claiming that IPTV had been having legal disputes with infringers in the U.S. for some time and was afraid the announcement might prove disastrous for IPTV's business.

71.    On October 20, 2008, IPTV sent BBTV a letter claiming that it "has been trying to honor Intellectual Property Rights from Thailand in every way we can,"

Baker & McKenzie LLP
San Diego

SDODMS1/700096.3

Case No
COMPLAINT

1  notes that "there wouldn't be IPTV today without Channel 7 support since day one,"

2  and further notes that "it would be a hardship if we operate without your cooperation."

3      72.    On November 5, 2008, BBTV sent IPTV a letter reiterating that, pursuant

4  to the call on September 3, 2008, BBTV would not grant a license to IPTV.

5  **Defendants' Illegal Acts**

6  **Copyright Infringement**

7      73.    Despite the above, upon information and belief, Defendants have

8  continued to reproduce, distribute, publicly perform and/or publicly display without

9  consent or license BBTV's Copyrighted Works by:

10         i.  offering for sale or rental, video tapes, VCDs and DVDs containing

11            BBTV's Copyrighted Works for which IPTV does not have, or no

12            longer has, a license; and

13       ii.  re-broadcasting via satellite TV, cable TV, Pay Per View, broadband

14            internet and online video-on-demand to subscribers in the US and

15            abroad, BBTV's Copyrighted Works for which IPTV does not have,

16            or no longer has, a license.

17     74.    Defendants' reproduction, distribution, public performance and/or

18 publicly display of BBTV's Copyrighted Works is wholly without any license from

19 BBTV or anyone authorized to consent thereto.

20     75.    Defendants have access to BBTV's Copyrighted Works.

21     76.    Upon information and belief, as soon as the Copyrighted Work airs in

22 Thailand, Defendants are able to make an electronic copy of it and transmit it to

23 Defendants' office in Los Angeles, California to be used in making a master copy and

24 copies thereof for distribution on videotape, CD and/or DVD or rebroadcast via

25 satellite TV, cable TV, Pay Per View, broadband internet and/or online video-on-

26 demand.

27     77.    Upon information and belief, Defendants' are reproducing, distributing

28 and/or publicly performing BBTV's Copyrighted Works for their own commercial

10

1  gain.

2      78.   Defendants have attempted to hide their infringement from consumers by

3  representing to the public that it has a license agreement with BBTV without

4  specifying the limitations of the agreement.

5      79.   Defendants' conduct is willful, wonton, malicious, with full knowledge

6  of BBTV's rights, and will continue after service of this complaint unless enjoined.

7      80.   Defendants' acts and conduct are causing, and, unless restrained by this

8  Court, will continue to cause, irreparable harm to BBTV, which cannot be adequately

9  compensated by money damages. Defendants' conduct deprives BBTV of its ability

10  to exploit the unique intellectual property represented by the Copyrighted Works.

11  Therefore, BBTV seeks a preliminary injunction and permanent injunction prohibiting

12  Defendants from infringing the Copyrighted Works in any medium.

13      81.   At all times relevant hereto, Defendants have had actual knowledge of

14  BBTV's exclusive rights to exploit the Copyrighted Works including its exclusive

15  right to exploit the Copyrighted Works in the United States.

16  **Defendants' Illegal Acts**

17  **Trademark Infringement**

18      82.   IPTV has had constructive notice of BBTV's registered 7 and Design

19  Mark since at least November 28, 2006 when Registration No. 3,176,451 issued.

20      83.   IPTV had actual notice of BBTV's 7 and Design Mark since at least

21  August 1, 2007 because the Sublicense Agreement with Media of Medias (section

22  4.11) required it to cause the 7 and Design Mark to appear on all visual images of the

23  Copyrighted Works.

24      84.   Upon information and belief, Defendants have advertised, offered for

25  sale and sold in interstate commerce computers, pre-recorded compact discs, CD-

26  ROM's, audio compact discs, diskettes, magnetic data discs, phonograph, records,

27  video compact discs, DVDs, videotapes or cassette tapes, all featuring musical

28  performances, comedy, dramas, game shows or cinematographic films; broadcasting

11

services and provision of both wire or wireless telecommunication; access to video, audio content provided via a video-on-demand service via the Internet; cable television broadcasting and satellite television broadcasting services bearing BBTV's 7 and Design Mark.

85.     Upon information and belief, Defendants' are advertising, offering for sale and selling in interstate commerce BBTV's Copyrighted Works bearing BBTV's 7 and Design Mark for their own commercial gain.

86.     Defendants have attempted to hide their infringement from consumers by representing to the public that it has a license agreement with BBTV without specifying the limitations of the agreement.

87.     Defendants' conduct is willful, wonton, malicious, with full knowledge of BBTV's rights, and will continue after service of this complaint unless enjoined by this Court.

88.     Defendants' acts and conduct are causing, and, unless restrained by this Court, will continue to cause, irreparable harm to BBTV, which cannot be adequately compensated by money damages.  Defendants' conduct deprives BBTV of its ability to exploit the unique intellectual property represented by the 7 and Design Marks. Therefore, BBTV seeks a preliminary injunction and permanent injunction prohibiting Defendants from infringing the 7 and Design Marks in any medium.

89.     At all times relevant hereto, Defendants have had actual knowledge of BBTV's exclusive rights to exploit the 7 and Design Marks including its exclusive right to exploit the 7 and Design Marks in the United States.

### IPTV Enforces BBTV's Copyrights

90.     While IPTV was still a sublicensee of BBTV, IPTV initiated 5 copyright infringement actions in the U.S. seeking to enforce BBTV's copyrights.  In each of these actions, BBTV was successful in obtaining a permanent injunction:

///
///
///

SDODMS1/700096.3

| Case name | Location | Recovery |
|---|---|---|
| IPTV v. Chaiwat et. al. | Central District of California Case No. CV 04-5036 Decided September 2005 | **Permanent injunction granted** |
| IPTV v. Somnuk | Central District of California Case No. CV 06-2519 Decided October 2006 | **Permanent injunction granted** |
| IPTV v. Veeraphol Vongprakasit et al | Central District of California Case No. CV 06-0631 Decided December 2006 | **Permanent injunction granted** |
| IPTV v. Ken Young et. al. | Central District of California Case No. CV 06-2786 Decided February 2007 | **Permanent injunction granted** |
| IPTV v. Nock Jaleketu | Central District of California Case No. CV 07-06554 Decided May 2008 | **Permanent injunction granted** |

Exhibits 7-11.

91.    In pleadings for the above referenced cases, IPTV admits that "BBTV is the owner, producer and/or broadcaster of news and entertainment programs produced in Thailand.  BBTV owns the copyright and exclusive right to exhibit, broadcast and otherwise exploit the programs which are the subject of this lawsuit throughout the world."

92.    In pleadings for the above referenced cases, IPTV admits that there is no adequate remedy at law for infringement of BBTV's Copyrighted Works.

93.    In pleadings for the above referenced cases, IPTV admits that infringement of BBTV's Copyrighted Works causes irreparable harm.

## Defendant's Breach Of The Sublicense Agreement

94.    BBTV is the third party beneficiary of the August 2007 Sublicense Agreement between Media of Medias and IPTV.

95.    BBTV and Media of Medias have performed all obligations required of them under the Master and Sublicense Amendments.

96.    Section 4.7 of the Sublicense Agreement states, among other things, that IPTV shall not be entitled to further use the right in the Copyrighted Work after

13

1  termination of the Sublicense Agreement.

2      97.    Section 4.7 requires that IPTV "immediately return … the Copyrighted

3  Work after termination" of the Sublicense Agreement and requires that IPTV remove

4  the Copyrighted Work from sale or rental and destroy the Copyrighted Work and

5  deliver evidence of such destruction to BBTV.

6      98.    IPTV breached section 4.7 of the Sublicense Agreement by failing to

7  immediately return or destroy BBTV's Copyrighted Work and continuing to

8  rebroadcast, distribute, publicly perform and/or publicly display the Copyrighted

9  Works after termination of the Sublicense Agreement.

10     99.    Section 1.3 of the Sublicense Agreement states, among other things, that

11  IPTV may only exploit BBTV's Copyrighted Work in the United States.

12     100.   Upon information and belief, Defendants' are exploiting BBTV's

13  Copyrighted Work outside the United States.

14     101.   Upon information and belief, www.thaitv.tv can be accessed from outside

15  the United States, including but not limited to, Canada and Europe.

16     102.   Defendants are able to territorially restrict access to www.thaitv.tv.

17     103.   www.thaitv.tv is inaccessible from Thailand.

18     104.   Defendants not only breached the Sublicense Agreement by exploiting

19  BBTV's Copyrighted Works outside the United States, it hid its infringement and

20  breach from BBTV by making www.thaitv.tv inaccessible from Thailand.

21     105.   As a result of Defendants' breaches BBTV has been damaged by an

22  amount to be determined at trial.

### FIRST CLAIM FOR RELIEF

### (Direct Copyright Infringement Pursuant To

### 17 U.S.C. § 501, et seq.)

26     106.   BBTV repeats and re-alleges the allegations set forth in paragraphs 1

27  through 105, as if set forth fully herein.

28     107.   BBTV is the owner of the Copyrighted Works and has the exclusive right

Baker & McKenzie LLP
San Diego

Case No
COMPLAINT

SDODMS1/700096.3

1 | to reproduce, prepare derivative works, distribute, publicly perform and publicly

2 | display the Copyrighted Works in the United States.

3 |     108.  Defendants have infringed BBTV's exclusive copyrights, including the

4 | rights of reproduction, distribution, public performance and/or public display, in

5 | violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

6 |     109.  Defendants' acts have been deliberate, willful, intentional and

7 | purposeful, in reckless disregard of and with indifference to BBTV's rights.

8 |     110.  As a direct and proximate result of Defendants' forgoing acts and

9 | conduct, BBTV has sustained and will continue to sustain irreparable injury for which

10 | there is no adequate remedy at law. Unless enjoined and restrained by this Court,

11 | Defendants will continue to infringe BBTV's Copyrighted Works. BBTV is entitled

12 | to injunctive relief pursuant to 17 U.S.C. 502.

## SECOND CLAIM FOR RELIEF

### (Inducement And Contributory Infringement)

15 |     111.  BBTV repeats and re-alleges the allegations set forth in paragraphs 1

16 | through 110, as if set forth fully herein.

17 |     112.  BBTV has induced, caused, and/or materially contributed to unauthorized

18 | reproduction, distribution, public performance and/or public display of BBTV's

19 | Copyrighted Works by Defendants' Distributors and Shops.

20 |     113.  Defendants' conduct constitutes contributory infringement of BBTV's

21 | Copyrighted Works.

22 |     114.  Defendants' acts have been deliberate, willful, intentional and

23 | purposeful, in reckless disregard of and with indifference to BBTV's rights.

24 |     115.  As a direct and proximate result of Defendants' forgoing acts and

25 | conduct, BBTV has sustained and will continue to sustain irreparable injury for which

26 | there is no adequate remedy at law. Unless enjoined and restrained by this Court,

27 | Defendants will continue to infringe BBTV's Copyrighted Works. BBTV is entitled

28 | to injunctive relief pursuant to 17 U.S.C. 502.

### THIRD CLAIM FOR RELIEF

### (Trademark Infringement Pursuant To

### 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a))

116.   BBTV repeats and re-alleges the allegations set forth in paragraphs 1 through 115, as if set forth fully herein.

117.   BBTV owns the 7 and Design Mark for, among other things, broadcasting services.

118.   Upon information and belief, since at least August 1, 2008, Defendants have used the 7 and Design Mark in interstate commerce in connection with advertising, marketing, promotion, and sale of BBTV's Copyrighted Works.

119.   Defendants are not authorized or licensed by BBTV to advertise, market, promote, offer for sale or sell programming under or in connection with BBTV's 7 and Design Mark, other than the Permitted Programs.

120.   Defendants' unauthorized use of BBTV's 7 and Design Mark is likely to confuse, mislead and deceive members of the public as to the origin of BBTV's goods and services, or cause the public to believe that IPTV is an authorized distributor of BBTV's Copyrighted Works.

121.   Defendants' unauthorized use of BBTV 7 and Design Mark in connection with their advertisement, marketing, promotion, offering for sale or sale of BBTV's Copyrighted Work constitutes infringement in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114, and section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), to the substantial and irreparable injury of the public and of BBTV's business reputation and goodwill.

122.   Defendants' acts have been deliberate, willful, intentional and purposeful, in reckless disregard of and with indifference to BBTV's rights.

123.   As a direct and proximate result of Defendants' forgoing acts and conduct, BBTV has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law.  Unless enjoined and restrained by this Court,

16

Defendants will continue to infringe BBTV's trademarks.  Accordingly, the Court should enjoin and restrain Defendants from committing any further such acts.

## FOURTH CLAIM FOR RELIEF

### (Trademark Dilution in Violation of the Lanham Act)

124.   BBTV repeats and re-alleges the allegations set forth in paragraphs 1 through 123, as if set forth fully herein.

125.   By virtue of the prominent and continuous use of the 7 and Design Mark in interstate commerce, BBTV's 7 and Design Mark has become distinctive and famous within the meaning of  15 U.S.C. § 1125(c).

126.   Defendants' conduct dilutes the distinctive quality of BBTV's 7 and Design Mark in violation section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

127.   Defendants' conduct and actions have lessened the capacity of BBTV's 7 and Design Mark to identify and distinguish BBTV's goods and services in violation of section 25(c) of the Lanham Act, 15 U.S.C. § 1125(c).

128.   Defendants' acts have been deliberate, willful, intentional and purposeful, in reckless disregard of and with indifference to BBTV's rights.

129.   As a direct and proximate result of Defendants' forgoing acts and conduct, BBTV has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law.  Unless enjoined and restrained by this Court, Defendants will continue to infringe BBTV's trademarks.  Accordingly, the Court should enjoin and restrain Defendants from committing any further such acts.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition And False Designation Of Origin 15 U.S.C. §1125(a))

130.   BBTV repeats and re-alleges the allegations set forth in paragraphs 1 through 129, as if set forth fully herein.

131.   The Copyrighted Works which Defendants are reproducing, distributing, publicly performing and/or publicly displaying falsely indicate that IPTV is authorized

1   to reproduce, distribute, publicly perform and/or publicly display the Copyrighted

2   Work.

3        132.   Upon information and belief, Defendants have used and are continuing to

4   use forms of false designations of origins and false descriptions which tend to falsely

5   describe or represent such goods and have caused such goods to enter into commerce

6   with full knowledge of the falsity of such designation of origin.

7        133.   Defendants have and continue to misrepresent to members of the

8   consuming public that the Copyrighted Works being reproduced, distributed publicly

9   performed and/or publicly displayed are genuine, non-infringing products.

10       134.   Defendants' advertisement, promotion, marketing, offer for sale and sale

11   of goods and services bearing BBTV's 7 and Design Mark is likely to confuse,

12   mislead and deceive the public as to the origin, sponsorship or approval of IPTV's

13   goods and services, or to cause the public to falsely believe that IPTV is authorized to

14   advertise, market, promote, offer for sale and sell goods and services bearing the 7 and

15   Design Mark.

16       135.   Defendants' actions constitute unfair competition, false advertising, false

17   designation of origin and/or false or misleading description of fact, in violation of

18   section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

19       136.   Defendants' acts have been deliberate, willful, intentional and

20   purposeful, in reckless disregard of and with indifference to BBTV's rights.

21       137.   As a direct and proximate result of Defendants' forgoing acts and

22   conduct, BBTV has sustained and will continue to sustain irreparable injury for which

23   there is no adequate remedy at law.  Unless enjoined and restrained by this Court,

24   Defendants will continue to infringe BBTV's copyrights and trademarks.

25   Accordingly, the Court should enjoin and restrain Defendants from committing any

26   further such acts.

27   ///

28   ///

## SIXTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

138.   BBTV repeats and re-alleges the allegations set forth in paragraphs 1 through 137, as if set forth fully herein.

139.   Defendants' unauthorized use in interstate commerce of BBTV's 7 and Design Mark in connection with their advertisement, marketing, promotion, offering for sale or sale of BBTV's Copyrighted Work constitutes infringement of BBTV's common law trademark rights to the substantial and irreparable injury of the public and BBTV's business reputation and good will.

140.   Defendants' acts have been deliberate, willful, intentional and purposeful, in reckless disregard of and with indifference to BBTV's rights.

141.   As a direct and proximate result of Defendants' forgoing acts and conduct, BBTV has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law.  Unless enjoined and restrained by this Court, Defendants will continue to infringe BBTV's trademarks.  Accordingly, the Court should enjoin and restrain Defendants from committing any further such acts.

## SEVENTH CLAIM FOR RELIEF

### (Common Law And Cal. Bus. & Prof. Code §17200, Et. Seq.)

142.   BBTV repeats and re-alleges the allegations set forth in paragraphs 1 through 141, as if set forth fully herein.

143.   BBTV's actions as alleged herein were and are likely to deceive the consuming public and constitute unlawful, unfair and/or fraudulent business practices in violation of California Business & Professions Code §§ 17200 et seq. and unfair competition under California common law.

144.   Upon information and belief, Defendants have used these unlawful, unfair and/or fraudulent business practices to deceive the consuming public and therefore constitute unlawful, unfair and/or fraudulent business practices in violation of California Business & Professions Code §§17200 et seq. and unfair competition

19

1    under California common law.

2       145.   BBTV's (1) unfair business practice, (2) unlawful business practices, (3)

3    fraudulent business practices, (4) unfair, deceptive, untrue or misleading advertising,

4    and/or (5) other acts in violation of California Business & Professions Code §§17200

5    et seq described above present a continuing threat to members of the public in that

6    they are likely to be deceived as to the origin and quality of BBTV's Copyrighted

7    Works.

8       146.   Defendants' acts have been deliberate, willful, intentional and

9    purposeful, in reckless disregard of and with indifference to BBTV's rights.

10      147.   As a direct and proximate result of Defendants' forgoing acts and

11   conduct, BBTV has sustained and will continue to sustain irreparable injury for which

12   there is no adequate remedy at law.  Unless enjoined and restrained by this Court,

13   Defendants will continue to infringe BBTV's copyrights and trademarks.

14   Accordingly, the Court should enjoin and restrain Defendants from committing any

15   further such acts.

## EIGHTH CLAIM FOR RELIEF

### (Breach of Contract)

18      148.   BBTV repeats and re-alleges the allegations set forth in paragraphs 1

19   through 147, as if set forth fully herein.

20      149.   On or about August 1, 2007, Media of Medias and IPTV entered into a

21   written agreement, attached hereto as Exhibit 5, and Media of Medias and BBTV

22   performed each and every obligation required of it under said agreement.

23      150.   Defendants breached the Sublicense Agreement by, among other things,

24   reproducing, distributing, publicly performing or otherwise infringing BBTV's

25   Copyrighted Works both while the contract was in force and after it was terminated.

26      151.   Defendants' acts have been deliberate, willful, intentional and

27   purposeful, in reckless disregard of and with indifference to BBTV's rights.

28      152.   As a direct and proximate result of Defendants' forgoing acts and

Baker & McKenzie LLP
San Diego

20

Case No
COMPLAINT

SDODMS1/700096.3

conduct, BBTV has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants will continue to infringe BBTV's copyrights and trademarks. Accordingly, the Court should enjoin and restrain Defendants from committing any further such acts.

## NINTH CLAIM FOR RELIEF

### (Constructive Trust, Cal. Civ. Code § 2224)

153. BBTV repeats and re-alleges the allegations set forth in paragraphs 1 through 152, as if set forth fully herein.

154. This claim arises under California Civil Code section 2224 and the common law of the State of California. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of constructive trust joined with a substantial and related claim under the Copyright and Unfair Competition Laws of the United States, and under 28 U.S.C. § 1367.

155. Upon information and belief, Defendants own and/or possess tangible real and/or personal properties and assets including, but not limited to, bank, savings, and/or other financial accounts, consisting of and/or obtained by profit derived from the Defendants' unauthorized manufacture, distribution, and/or sale of the Copyrighted Works.

156. Plaintiff has no adequate remedy at law and has suffered irreparable harm and damage as a result of Defendants' acts as aforementioned. Defendants hold those tangible real and/or personal properties and assets consisting of and/or obtained by profit derived from Defendants' infringing activities as constructive trustees for the benefit of Plaintiff, in an amount thus far not determined.

**WHEREFORE, BBTV prays for judgment as follows:**

1. That judgment be entered for BBTV and against Defendants on each of BBTV's claims for relief;

Baker & McKenzie LLP
San Diego

SDODMS1/700096.3

2.   For a preliminary and permanent injunction that Defendants and their agents, servants, employees, attorneys and those acting in concert or participation with any of them:

    i.   Delete and disable access to BBTV's Copyrighted Works, including but without limitation, by deleting all copies of BBTV's Copyrighted Works  from any database, server, or other storage device owned or controlled by Defendants;

    ii.   Cease and refrain from reproducing, preparing derivative works, distributing, publicly performing, publicly displaying or otherwise infringing BBTV's Copyrighted Works, including without limitation, ceasing and refraining from transmitting, copying, and/or broadcasting BBTV's Copyrighted Works;

    iii.   Refrain from using BBTV's 7 and Design Mark or any other confusingly similar mark in connection with the sale, advertisement, marketing or promotion of any goods or service or any other similar infringement of BBTV's trademark rights;

    iv.   Refrain from engaging in unfair competition by advertising, promoting, marketing, selling or offering for sale their goods and services or otherwise using BBTV's 7 and Design Mark in such a way as to mislead, deceive and/or confuse the origin of any of BBTV's programming;

    v.   Refrain from engaging in any conduct that tends to confuse, mislead or deceive members of the public into believing that the Copyrighted Works reproduced, distributed, publicly performed and/or publicly displayed by Defendants are sponsored, approved or authorized by BBTV;

    vi.   to recall and deliver up for destruction all advertising, promotional or marketing materials or other products that infringe BBTV's trademark

Baker & McKenzie LLP
San Diego

SDODMS1/700096.3

1      or copyrights.

2      vii.    to engage in corrective advertising to dispel the confusion caused by

3              Defendants' wrongful acts; and

4      viii.   within thirty days after service of judgment with notice of entry

5              thereof upon it, be required to file with the Court and serve upon

6              BBTV's attorneys a written report under oath setting forth in detail

7              the manner in which Defendants have complied with the foregoing

8              paragraphs.

9   3.  For maximum statutory damages with respect to each copyrighted work and

10     trademark infringed, or for such other amount as may be proper or, alternatively,

11     at BBTV's election, full restitution, actual damages suffered as a result of the

12     infringement, an equitable accounting and disgorgement of all revenues and/or

13     profits wrongfully derived by Defendants from their copyright and trademark

14     infringement, false designation of origin, unfair competition and breach of

15     contract.

16  4.  Any and all damages sustained by BBTV resulting from Defendants' wrongful

17     and infringing acts.

18  5.  For BBTV's attorney's fees and full costs.

19  6.  That BBTV be awarded treble damages, enhanced, punitive and exemplary

20     damages against Defendants.

21  7.  That this case is exceptional pursuant to 15 U.S.C. § 1117.

22  8.  That BBTV be awarded pre-judgment interest on its judgment.

23  9.  For such other and further relief as this court deems just and proper.

24  ///

25  ///

26  ///

27  ///

28  ///

### JURY DEMAND

BBTV, pursuant to Fed.R.Civ.P. 38(b) and L.R. 38-1, hereby demands a trial by jury as to all issues so triable.

Dated: May 28, 2009    Respectfully submitted,

BAKER & McKENZIE LLP

By: _____

Howard N. Wisnia
Attorney for Plaintiff
BANGKOK BROADCASTING & T.V. CO., LTD.

Baker & McKenzie LLP
San Diego

Case No
COMPLAINT

SDODMS1/700096.3

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV09- 3803 SJO (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Howard N. Wisnia (SBN 184626)
Colin H. Murray (SBN 159142)
April M. Wurster (SBN 228038)
BAKER & MCKENZIE LLP
12544 High Bluff Drive, Third Floor
San Diego, CA 92130
Ph (858) 523-6200, Fax (858) 259-8290
howard.n.wisnia@bakernet.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANGKOK BROADCASTING & T.V. CO., LTD., a Thailand corporation,<br><br>PLAINTIFF(S)<br><br>v.<br><br>IPTV CORPORATION, a California corporation, THAITV.TV., an unknown business entity, BKT GROUP, a California corporation, MR. RON PETCHA, an individual, MS. TIP PETCHA, an individual, MR. NOPPADON WONGCHAIWAT, an individual, and DOES 1 -10,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV09-03803  SJO  (SSx)**<br><br><br>**SUMMONS** |

TO:DEFENDANT(S): <u>IPTV CORPORATION, THAITV.TV, BKT GROUP, MR. RON PETCHA, MS. TIP PETCHA, and MR. NOPPADON WONGCHAIWAT</u>

A lawsuit has been filed against you.

Within <u>20</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ ___ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Howard N. Wisnia</u>, whose address is <u>Baker & McKenzie LLP, 12544 High Bluff Drive, Third Floor, San Diego, CA 92130</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAY 28 2009

By: LA'REE HORN
Deputy Clerk

(Seal of the Court)

1192

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

| | | |
|---|---|---|
| CV-01A (12/07) | SUMMONS | American LegalNet, Inc.<br>www.USCourtForms.com |

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| BANGKOK BROADCASTING & T.V. CO., LTD., a Thailand corporation, | IPTV CORPORATION, a California corporation, THAITV.TV., an unknown business entity, BKT GROUP, a California corporation, MR. RON PETCHA, an individual, MS. TIP PETCHA, an individual, MR. NOPPADON WONGCHAIWAT, an individual, DOES 1-10 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| (See Attachment for Attorneys) Baker & McKenzie LLP 12544 High Bluff Drive, Third Floor San Diego, CA 92130 (858) 523-6200 | |

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  
☒ 3 Federal Question (U.S. Government Not a Party)  
☐ 2 U.S. Government Defendant  
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☒ 1 Original Proceeding  
☐ 2 Removed from State Court  
☐ 3 Remanded from Appellate Court  
☐ 4 Reinstated or Reopened  
☐ 5 Transferred from another district (specify):  
☐ 6 Multi-District Litigation  
☐ 7 Appeal to District Judge from Magistrate Judge

## V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☐ Yes ☒ No          ☐ MONEY DEMANDED IN COMPLAINT: $

## VI. CAUSE OF ACTION (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

17 USC Sect. 501 et seq.; 15 USC 1051 et seq.; Cal. Bus. Prof. Code 17200; Fed. & State Unfair Competition; False Designation; of Origin; Constructive Trust; Breach of Contract.

## VII. NATURE OF SUIT (Place an X in one box only.)

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

### IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

### TORTS PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### BANKRUPTCY
☐ 22 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### PROPERTY RIGHTS
☒ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 61 HIA(1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW 405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

FOR OFFICE USE ONLY:      Case Number:

CV-71 (05/08)          CV09-03803          CIVIL COVER SHEET          Page 1 of 2

American LegalNet, Inc. www.FormsWorkflow.com

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
   ☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Thailand |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
   ☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date May 28 , 2009

Howard N. Wisnia

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

## BANGKOK BROADCASTING & T.V. CO., LTD. v. IPTV CORP., et al.

### Attorneys of Record

Howard N. Wisnia (SBN 184626)
Colin H. Murray (SBN 159142)
April M. Wurster (SBN 228038)