Peter C. Ver Halen    (SBN 041609)
PETER C. VER HALEN LAW CORP.
11766 Wilshire Blvd., Suite 460
Los Angeles, CA 90025
Telephone:    (310) 312-1072
Facsimile     (310) 312-1034
pverhalen@verlaw.com

Reza Sina (SBN 250428)
SINA LAW GROUP
801 S. Figueroa Street, 12th Floor
Los Angeles, CA 90017
Telephone:    (213) 417-3661
Facsimile:    (213) 341-5578
reza@sinalawgroup.com

Attorney for Defendants
    Tip Petcha, Noppadon Wongchaiwat
    Ron Petcha and BKT Group

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BANGKOK BROADCASTING & T.V. CO., LTD., a Thailand Corporation,<br><br>            Plaintiff,<br><br>IPTV CORPORATION, a California corporation; THAITV.TV, an unknown business entity; BKT GROUP, a California corporation; MR. RON PETCHA, an individual; MS. TIP PETCHA, an individual; MR. NOPPADON WONGCHAIWAT, an individual; and DOES 1-10,<br><br>            Defendants. | CASE NO. CV09-03803 SJO (SSx)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS UNDER FED. R. CIV. P. §12(b)(6)<br><br><br><br>Date:      July 20, 2009<br>Time:     10:00 a.m.<br>Courtroom: Roybal, 880 |

**1.    INTRODUCTION**

While the plaintiff, Bangkok Broadcasting & T.V.Co., Ltd. (hereafter "BBTV") apparently admits that it has satisfactorily conducted business with IPTV Corp. in the exploitation of its programming in the United States from sometime early in the year 2004 to mid-2008 (¶¶52 -62 of the complaint); that its contractual relationship is solely with IPTV      (¶¶

1
_____
Memorandum of Points and Authorities In Support of Motion to
Dismiss Under Fed. R. Civ. P. §12(b)(6)

63, 64 and 65 of Complaint and Exhibit 7 thereto); and that it dealt solely with Mr. Petcha on behalf of IPTV (¶¶ 67 through 70 of the complaint) it has nonetheless joined persons and entities with whom it has not alleged having had any contact as additional defendants without explaining the factual basis for having done so or the specif acts or omissions which they performed which give rise to their liability, as individuals, under the allegations of any of the claims for relief stated in the complaint. Those individuals are Ms. Tip Petcha, Mr. Noppadon Wongchaiwat and Mr. Ron Petcha himself and BKT Group, an entity somehow affiliated with IPTV but as to which there are no allegations as to whether or how it has exploited any of the programming in question.

**2.   COMPLAINT ACCUSES IPTV ALONE OF COPYRIGHT INFRINGEMENT**

At the core of its complaint, BBTV alleges that IPTV lawfully distributed its programming for over four (4) years but has wrongly continued to exploit the shows from August 1, 2008 ( Pragraph 63 of plaintiff's Complaint). Pursuant to Paragraph 8 of the agreement (Exhibit 7, page 42),  IPTV held the first right of renewal of the agreement, which it exercised. (Paragraph 67 of plaintiff's Complaint). Notwithstanding its assertion that it rejected IPTV's offer for renewal, BBTV has allowed IPTV to continue with business as normal from August 1, 2008 up and until the service of this lawsuit on May 29, 2009, a period of almost ten (10) months, while remaining virtually silent.

The fact that IPTV is the party, and the only party, allegedly infringing the copyrights, and the only party doing so, is implicit in both the allegations of the complaint and Exhibits 5, 7, 8, 9, 10 and 11 thereto.

Neither Ms. Tip Petcha, Mr. Noppadon Wongchaiwat nor Mr. Ron Petcha should be brought into the lawsuit, either as officers, employees or shareholders of IPTV.  The sole basis for their joinder is found in the allegations of  paragraphs 15 and 16 of the complaint in which they are described as being  "employed, owns, operates and/or supervises the operation of BKT and IPTV and derives economic benefit from their business operations".  All employees obtain

1  economic benefit by having a job and being compensated for the services they perform.  Under
2  California law, mere ownership of all the stock and control and management of a corporation by
3  one or two individuals is not of itself sufficient to cause the courts to disregard the corporate
4  entity.  *Norins Realty Co., Inc. v. Consolidated Abstract & Title Guaranty Co.*, et al (1947) 80
5  Cal.App.2d 879, 883 [court refused to disregard corporate entity where individuals were not
6  party to the contract, had not guaranteed the contract, were not accused of fraud and there were
7  no allegations that the corporation was insolvent]; *Meadows v. Emett & Chandler* (1950) 99 Cal.
8  App.2d 496, 498-499 [conclusory allegation that corporation is the alter ego of the individual
9  shareholders is insufficient].  In order to pursue a claim for relief against individual defendants
10 when a corporation is the primary target, BBTV must plead such a unity of interest and
11 ownership that the separate personalities of the corporation and the individuals do not exist and
12 that an inequity will result if the corporate entity is treated as the sole actor.  *Arnold v. Browne*
13 (1972) 27 Cal.App.3d 386, 394.  It has failed to do so in support of its joinder of the individual
14 and BKT GROUP in its First Claim For Relief and in its complaint as a whole.
15       Furthermore the doctrine of respondeat superior, which is well established in California,
16 imposes liability for the acts of the employee performed in the course and scope of employment
17 upon the corporatin itself, not the employee,  and obligates the employer  to indemnify the
18 employee from any liability related to those acts.  *Edwards v. Arthur Anderson, LLP* (2008) 44
19 Cal.4th 937, 952; *Labor Code* §2802

### 3. PLAINTIFF FAILS TO STATE FACTS SUFFICIENT TO ESTABLISH CLAIMS FOR INDUCEMENT AND CONTRIBUTORY INFRINGEMENT AGAINST MOVING PARTIES

23 While the Copyright Act does not expressly impose liability on anyone other than a direct
24 infringer, courts have long recognized that, in certain circumstances, vicarious or contributory
25 liability may be imposed where one person knowingly contributes to the infringing conduct of
26 another.  *Fonovisa, Inc. v. Cherry Auction, Inc.*  (9th Cir. 1996) 76 F.3d 259, 264.  Liability
27 under that theory requires a substantial participation in a specific act of direct infringement.
28 *Gershwin Publishing Corp. v. Columbia Artists Mgmt, Inc.* (2d Cir. 1971) 443 F.2d 1159,

1162. Plaintiffs have failed to allege facts demonstrating any of the individual defendant's *substantial participation* in the conduct of the business of IPTV's distributors and/or shops.

Also. to the extent the allegations of the claim charge IPTV with contributory infringement, they are subsumed by the first claim for relief for direct infringement. ***Self v. Fisher Controls Co., Inc***. (9th Cir. 1977) 566 F. 2d 62, 64

Paragraph 112 of the Second Claim for relief alleges that "BBTV {presumably IPTV} has induced, caused, and/or materially contributed to unauthorized reproduction, distribution, public performance and/or public display of BBTV's Copyrighted Works by Defendants' Distributors and Shops".

The misconduct charged by the clear language of paragraph 12 is directed to IPTV which created and uses distributors and shops to sell CDs, DVDs, videocassettes, and the like and are wholly deficient in their attribution of any wrongdoing to any of the moving parties.

**4.  PLAINTIFF FAILS TO STATE FACTS SUFFICIENT TO ESTABLISH CLAIMS FOR TRADEMARK INFRINGEMENT AGAINST MOVING PARTIES**

As argued in Section 2 above, there are insufficient allegations to state claims against these moving parties for either trademark infringement or trademark dilution.

BBTV alleges at paragraph 83 of its complaint that IPTV is obliged by paragraph 4.11 of its agreement with Media of Medias Public Company, Ltd. (Exhibit 5 to the complaint) to "cause the 7 and Design Mark to appear on all visual images of the Copyrighted Works." At paragraphs 43 and 84 it further alleges that programs sold and/or distributed by IPTV bear that number and Design Mark, including those programs that IPTV is till permitted to market. (Paragraph 64 and Exhibit 6 to the Complaint).

The contract, therefore, is inconsistent with the allegations of the complaint. IPTV cannot be enjoined from doing that which it is contractually bound to do under the contract and is utilization of the marks in the manner required cannot be construed by the court as anything other than a fair use thereof..

## 5. PLAINTIFF FAILS TO STATE FACTS SUFFICIENT TO ESTABLISH CLAIMS FOR UNFAIR COMPETITION AND/ OR FALSE DESIGNATION AGAINST MOVING PARTIES

IPTV is and is acknowledged by Paragraph 64 of plaintiff's Complaint and Exhibit 6 thereto to be the authorized distributor of the programs identified therein. Common law misappropriation by copying a work subject to a copyright is preempted by Copyright Law. ***Warner Bros. v. American Broadcasting Companies*** (2d Cir.1983) 720 F.2d 231, 247.

As argued in Section 1 above, there are insufficient allegations to state claims for both unfair competition and false designation against both the individual defendants and/or BKT GROUP.

## 6. PLAINTIFF FAILS TO STATE FACTS SUFFICIENT TO ESTABLISH CLAIMS FOR VIOLATION OF COMMON LAW AND/OR CAL BUS & PROF §17200 ET SEQ

The basic element of a claim brought under Bus & Prof. §17200 is that the public is likely to be deceived by the defendant's alleged wrongful business practice. IPTV is making shows available to its subscribers and through its distribution channels to the Thai communities established throughout the United States in exactly the same format and configuration as it appears on Channel 7 in Bangkok. That is its obligation under the contract and what it is doing.

There is no allegation that IPTV is in any way altering the programs to appear that they are owned by IPTV or any other entity but is reaffirming in each instance that they are authentic Channel 7 programs. There are further no allegation of palming off or false advertising as IPTV remains today the authorized United States distributor for certain of its programming. (Paragraph 64 of the Complaint and Exhibit 6 thereto).

The allegations of the complaint as to IPTV's conduct are inherently contradictory and BBTV has failed to allege with specificity any acts performed by any of these moving parties that amount to false advertising, palming off, fraud or deceit upon the public, or other form of unfair business practices.

### 7. PLAINTIFF FAILS TO STATE FACTS SUFFICIENT TO ESTABLISH CLAIMS FOR BREACH OF CONTRACT AGAINST MOVING PARTIES

Paragraph 149 of the complaint alleges that Media of Medias Public Co., Ltd. and IPTV entered into a written agreement on August 1, 2007 that is attached as Exhibit 7 to the Complaint. That contract is the only contract which is either alleged in detail or attached thereto.

BBTV does not allege how or why it should be allowed to sue for breach of that contract or what the contractual relationship is between itself and each of these moving parties.

A statement of a claim for relief for breach of contract requires the plaintiff to plead (1) the existence of a *contract* between the *parties*; (2) the plaintiff's performance or excuse for nonperformance; (3) the defendant's failure of performance; and (4) resulting damages. *Careau & Co. v. Security Pacific Business Credit, Inc*. (1990) 222 Cal.App.3d 1371, 1388. There is no contract, express or implied, that is alleged to exist by and between BBTV and any of the individual defendants or BKT GROUP. A cause of action for breach of contract does not lie in its favor against either of these moving parties, or, for that matter, against IPTV Corporation itself.

Secondarily, as argued in Section 1 above there are additionally no grounds alleged for disregarding IPTV as a corporate entity so as to impose liability for a simple breach of contract claim upon its owners and/or managers.

### 8. PLAINTIFF FAILS TO STATE FACTS SUFFICIENT TO ESTABLISH CLAIMS FOR CONSTRUCTIVE TRUST AGAINST MOVING PARTIES

IPTV offers Thai television programs for viewing by members of Thai communities throughout the United States (Paragraph 54, 55 and 56 of plaintiff's Complaint). Those programs include programs derived from BBTV as well as other Thai producers and broadcasters of programs. (Exhibit 7 to the Complaint at Page 40, lines 20-24; Exhibit 8 to the Complaint at Page 53, lines 1 - 5)   Income is therefore derived by IPTV from multiple sources, not just from exploitation of programs which plaintiff claims to own.

Plaintiff's Ninth Claim for Relief seeks the imposition of a Constructive Trust upon all

"bank, savings, and/or other financial accounts" maintained by each of the named defendants upon the presumption that the source of whatever money contained therein was income realized from IPTV's exploitation of all of the programs that it has marketed from August 1, 2008 to the present, not just that earned from BBTV programs. There is no allegation supporting the inference it makes in that claim that IPTV is insolvent and unable to respond itself to damages, if any, that may be awarded at trial; a specific amount of money to which it is entitled; or that any of the individuals or BKT GROUP have fraudulently withdrawn and/or sequestered funds so that they will not be available to satisfy any damage award. Under California law, impositin of a constructive trust requires (1) the existence of a res i.e. property or some interest in property; (2) the right of the complainant to that res; and (3) some wrongful acquisition or detention of the res by another party who is not entitled thereto. ***Cassirer v. Kingdom of Spain***, 461 F. Supp.2d 1157, 1178 (C.D. Cal.2006). Both California and bankruptcy law require that where a constructive trust is sought to be imposed against property, such as a bank account, strict tracing is required. ***In Re Goldberg***, 158 B.R. 188, 194 (Bkrtcy.E.D.Cal 1993).

      Plaintiff has not alleged the existence of a specific thing in which imposition of a constructive trust is sought or that either of the individual defendants or BKT Group have, in truth and fact, wrongfully acquired or retained an interest therein. It has not properly and cannot invoke the remedy.

Dated: June 18, 2009.

                                        PETER C. VER HALEN LAW CORP.
                                        SINA LAW GROUP

                                        By___/s/ Peter C. Ver Halen___
                                              Peter C. Ver Halen
                                           Attorneys for Defendants