FILED
CLERK, U.S. DISTRICT COURT
AUG - 3 2009
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1  Howard N. Wisnia (SBN 184626)
   Colin H. Murray (SBN 159142)
2  April M. Wurster (SBN 228038)
   **Baker & McKenzie LLP**
3  12544 High Bluff Drive, Third Floor
   San Diego, CA 92130-3051
4  Telephone: +1 858 523 6200
   Facsimile: +1 858 259 8290
5  howard.n.wisnia@bakernet.com
   colin.h.murray@bakernet.com
6  april.m.wurster@bakernet.com

NOTE CHANGES MADE BY THE COURT

7  Attorneys for Plaintiff

All future discovery filings shall include the following language on the cover page: "Referred to Magistrate Judge Suzanne H. Segal"

8  Peter C. Ver Halen (SBN 041609)
   PETER C. VER HALEN LAW A CORP.
9  11766 Wilshire Blvd., Suite 460
   Los Angeles, CA 90025
10 Telephone: (310) 312-1072
   Facsimile: (310) 312-1034
11 pverhalen@verlaw.com

12 Reza Sina (SBN 250428)
   SINA LAW GROUP
13 11766 Wilshire Blvd., Suite 460
   Los Angeles, CA 90025
14 Telephone: (310) 312-1072
   Facsimile: (310) 312-1034
15 reza@sinalawgroup.com

16 Attorneys for Defendants

17             UNITED STATES DISTRICT COURT
18             CENTRAL DISTRICT OF CALIFORNIA

19 BANGKOK BROADCASTING & T.V.      | Case No. CV 09-03803 SJO (SSx)
   CO., LTD., a Thailand corporation, |
20                                    | Honorable S. James Otero
          Plaintiff,                  |
21                                    | [~~PROPOSED~~] STIPULATED
       v.                             | PROTECTIVE ORDER
22                                    |
   IPTV CORPORATION, ET AL.,          |
23                                    |
          Defendants.                 |
24
25
26
27 AND COUNTERCLAIM.
28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/701866.1

Case No CV 09-03803 SJO (SSx)
[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

Upon agreement by the parties appearing herein and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Stipulated Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this Order, the Court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information may not presently have sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4. Upon agreement of the parties and to protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order is issued:

IT IS, THEREFORE, ORDERED THAT:

1. Protected Documents.

   (a) Documents, discovery, discovery responses or depositions containing Confidential Information disclosed, produced or provided by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents, discovery or depositions designated by the producing party as

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/701866.1

Case No CV 09-03803 SJO (SSx)
[PROPOSED] STIPULATED PROTECTIVE ORDER

"Confidential" (or "Confidential Pursuant to Court Order") and/or "Attorneys' Eyes Only" which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

   (b)   A document may be designated "Confidential" when it is, or contains, information that a party or non-party believes in good faith to be confidential or sensitive information as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G) (or former Rule 26(c)(7)); and

   (c)   A document may be designated as "Attorneys' Eyes Only" when it fulfills the definition of "Confidential" and is, or contains:

      (i)   business strategies or other competitively sensitive, proprietary, technical or financial information which, if disclosed by the Receiving Party to third parties, would or could cause damage to a Producing Party's competitive position in the market(s) in which it operates;

      (ii)   confidential information of a third party that has, in good faith and consistent with this agreement, designated the information as "Attorneys' Eyes Only"; or

      (iii)   trade secrets, defined as information, including without limitation a formula, pattern, compilation, source code, firmware, program, device, method, technique, or process, that: a) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

   2.   Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

*[Handwritten margin note: "See Local Rule 37."]*

*[Paragraph 3 below is struck through with a large X in the original]*

3. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential and/or Attorneys' Eyes Only designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

4. Confidential Treatment: Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

5. Protected Documents and any information contained therein shall be used solely for the prosecution and/or defense of this litigation or for any action involving Plaintiff or Defendants anywhere in the world. Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

(a) Protected Documents marked "Attorneys' Eyes Only" shall be disclosed only to counsel of record in this action or counsel of record for any action involving Plaintiff or Defendants anywhere in the world for the party or parties receiving Protected Documents or any information contained therein; partners, associates, and employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action or any action around the world; actual or potential third party technical experts or consultants and their support staff retained by counsel of record and designated pursuant to the provisions of paragraph 6 below; and to the Court, the Court's staff, and the jury.

(b) In addition to the persons listed in (a) above, Protected Documents marked only as "Confidential" may be disclosed to the employees, in-house counsel, officers and directors of the parties to the Litigation who have a reasonable need to review the information in connection with the litigation.

(c) Protected Documents marked "Attorneys' Eyes Only" or "Confidential" may be disclosed to any person who appear as an author or addressee on the face of the document, to persons whom evidence establishes that they have seen the document before, to any officer, director, managing agent or attorney of the party producing the document, or to any person to whom the parties agree in writing.

6. Before any disclosure of Protected Information is made to any third party expert or consultant pursuant to section 5(a) above, the following must occur:

(a) The individual to whom disclosure is to be made must be given a copy of this Order, and the provisions of this Order must be explained to the individual to whom disclosure is to be made by an attorney;

(b) The individual to whom disclosure is to be made must sign an undertaking in the form of the attached Exhibit A; and

(c) The names of each such person shall be disclosed to the opposing parties, along with a current resume or curriculum vitae of the expert, at

least ten (10) business days prior to any such disclosure. Such disclosure shall not be made if written notice of objection is served within such ten (10) day period, but the party seeking disclosure shall have the right to bring the dispute before the Court for resolution if it cannot be resolved between the parties. Notwithstanding the foregoing, the party seeking disclosure may also move the Court for special relief from this disclosure provision. If such special relief is sought, no disclosure may be made unless all objections to the dispensation of special relief have been heard and considered, and the dispute is resolved by the Court. There will be no waiver of expert or work product privilege in connection with action taken by either party under this provision. *See Local Rule 79-5.1.*

7. ~~Any document or thing containing or embodying Protected Information that is to be filed in this action shall be filed in sealed envelopes or other sealed containers that shall bear the caption of the case, shall identify the contents for docketing purposes, and shall bear a statement substantially in the form:~~

**CONFIDENTIAL**

~~Filed under Protective Order.~~ **This envelope is not to be opened nor the contents thereof displayed or revealed except by Order of the Court or by agreement of the parties.**

~~Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record or as otherwise provided for hereunder.~~

[handwritten: SPS]

8. Depositions or portions thereof which contain Protected Information may be designated as "Confidential" or "Attorneys' Eyes Only" and shall be separately bound in a confidential volume, and shall, if required, be separately filed

as provided herein so as to distinguish such confidential deposition or confidential portions thereof from non-confidential public depositions or public portions thereof.

9. Material and deposition transcripts produced without the designation of "Confidential" or "Attorneys' Eyes Only" may be so designated subsequent to production or testimony if the producing party provides replacement materials bearing appropriate designations and notifies the receiving party promptly after becoming aware of the failure of the producing party to timely make such designation. If discovery material is designated "Confidential" or "Attorneys' Eyes Only" subsequent to production or testimony, the receiving party promptly shall collect any copies that have been provided to individuals other than those authorized to receive Protected Information so designated under this Order, and shall affix the appropriate designation to any copies that have been provided to individuals authorized to receive Protected Information so designated under this Order.

10. Any discovery documents produced in this litigation may be later designated as "Attorney Client Privileged" or "Attorney Work Product" promptly upon discovery by the producing party that any such privileged or immune document was produced through inadvertence, mistake, or other error, and no waiver of privilege or immunity shall be deemed to have occurred. Upon such designation, the receiving attorney promptly shall make best efforts to collect all copies of the documents and return them to the producing party. The receiving attorney may not use the inadvertently produced document for any purpose.

11. The parties agree that Attorney-Client Privileged Communications and Work Product created in preparation of this suit or created after this suit was filed need not be logged on a privilege log.

12. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

13. To the extent the Protected Documents or information contained

therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

14. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all confidential information designated as such under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

15. Inadvertent or unintentional production of documents or information containing confidential information which are not designated "Confidential" and/or "Attorneys' Eyes Only" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

16. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

17. After termination of this litigation, the provisions of this Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

18. Within sixty (60) days of the termination of this action by dismissal, judgment, or settlement, including all appeals, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents or certify that such Protected Documents have been destroyed. The party or parties receiving the Protected Documents shall be entitled to keep their attorney work

product which refers or relates to any Protected Documents. Counsel of record shall be entitled to keep a working set of documents and depositions from this action. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

19. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

20. This Order shall apply to the parties and any non-party from whom discovery may be sought and who desires protection for the discovery sought. Thus, any non-party requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Order.

21. This Court anticipates that as this litigation continues need may arise for the parties to file a motion to modify the terms hereof with respect to the sharing of Protected Documents; and other terms that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.

22. The Parties to this action agree to be bound by and adhere to the terms of this Protective Order prior to execution by the Court.

1      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3 Dated: July 31, 2009      BAKER & McKENZIE LLP

4

5      By:/ Howard N. Wisnia/
     Howard N. Wisnia
     Attorneys for Plaintiff
6      howard.n.wisnia@bakernet.com

7      Attorney for Plaintiff

8 Dated: July 31, 2009      SINA LAW GROUP

9

10      By:/Reza Sina/
     Reza Sina
11      reza@sinalawgroup.com

12      Attorney for Defendants

13      AND FOR GOOD CAUSE SHOWN **SHS**

14 PURSUANT TO THE PARTIES' STIPULATION, IT IS SO ORDERED.

15

16 Dated: 8/3/09      *Suzanne H. Segal*

     United States ~~District~~ Judge
17      Magistrate

18

19

20

21      ...ry filings shall
22      ... language
23      ...judge
24      "... Suzanne H. Segal]"

25     All future discovery filings shall
    include the following
26        on the cover page:
    "[Referred to Magistrate Judge
27      Suzanne H. Segal]"

28

**EXHIBIT A**

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Bangkok Broadcasting v. IPTV Corp., et al.*, Central District of California Case No. CV09-03803 SJO (SSx). My present employer is _____. My present occupation or job is _____. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I will return all confidential material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/701456.1

Case No CV 09-03803 SJO (SSx)
[PROPOSED] STIPULATED PROTECTIVE ORDER