1  Howard N. Wisnia (SBN 184626)
   Sanjay Bhandari (SBN 181920)
2  **Baker & McKenzie LLP**
   12544 High Bluff Drive, Third Floor
3  San Diego, CA  92130-3051
   Telephone: +1 858 523 6200
4  Facsimile:  +1 858 259 8290
   howard.n.wisnia@bakernet.com
5  sanjay.bhandari@bakernet.com

6  Attorneys for
   BANGKOK BROADCASTING & T.V. CO., LTD.
7

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10 | BANGKOK BROADCASTING & T.V. | **Case No.  CV 09-03803 SJO (SSx)**
11 | CO., LTD., a Thailand corporation, | *The Hon. S. James Otero*
   |                                     | *The Hon. Magistrate Suzanne H. Segal*
12 |            Plaintiff,              |
   |                                     | **BBTV'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**
13 |      v.                            |
14 | IPTV CORPORATION, ET AL.,          |
   |                                     | Hearing Date: April 5, 2010
15 |            Defendants.             | Time:         10:00 a.m.
   |                                     | Ctrm:         Roybal 880
16

17 | AND COUNTERCLAIMS.
18

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/706137.1

Case No CV 09-03803 SJO (SSx)
BBTV'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

## I. SECTION 204(A) DOES APPLY TO IPTV'S ORAL LICENSE DEFENSE

IPTV argues that 17 U.S.C. § 204(a) does not apply to the exclusive U.S. license IPTV claims it was orally granted (which BBTV denies),[1] because (1) the exclusive U.S. license was part of a larger bundle that included non-exclusive rights in Europe, and (2) the license was not really exclusive as BBTV was to sue infringers, which allegedly BBTV could not do if it IPTV truly had an exclusive license. Both attempts to avoid section 204 are barred by Ninth Circuit and statutory authority. Further, federal and state courts refuse to allow parties to shift contentions with the prevailing wind; IPTV may not now switch to claiming a non-exclusive license, after pleading and swearing under oath ten times that it sought and got an exclusive one.

First, section 204(a)'s writing requirement cannot be circumvented by arguing, as IPTV does, Opp. at 1-2, that an exclusive U.S. license was transferred as part of a broader oral agreement, whether the additional elements are claimed to be partnership interests, a joint venture, or other countries' licenses. <u>Konigsberg Int'l, Inc. v. Rice</u>, 16 F.3d 355, 358-89 (9th Cir. 1994). IPTV's arguments regarding licenses for other jurisdictions are of no consequence. In this U.S. lawsuit over U.S. infringement of U.S. copyrights, IPTV's claimed U.S. license must satisfy U.S. law. Because IPTV's claimed exclusive U.S. license was not in writing, its defense fails.

Second, under the Copyright Act, both IPTV as the alleged exclusive licensee, and BBTV as beneficial owner, would have standing to sue. 17 U.S.C. § 501(b) (granting standing to both the "legal or beneficial owner of an exclusive right").[2]

---

[1] BBTV strongly denies <u>any</u> license was granted, and has shown how the evidence, including a tape recording of IPTV's CEO directly contradicting his sworn affidavits, belies IPTV's claims. <u>See</u> Docket No. 121-1 at 3, 17 and Docket No. 133 at 4-5. However, section 204 reflects a Congressional policy of protecting Copyright owners from expensive trials to disprove claims such as IPTV's, however frivolous on the merits. BBTV is entitled to the benefit of that policy.

[2] <u>See also</u> H.R. Rep. No. 1476, 94 Cong.2d Sess. 159, *reprinted in* 1976 U.S.C.C.A.N. 5659, 5775 ("A 'beneficial owner' [for purposes of section 501] would include, for example, an author who had parted with legal title to the copyrights in exchange for [1] percentage royalties based on sales or [2] license fees."); 17 U.S.C. § 201(b) (defining employer as author of works for hire); <u>CBS, Inc. v. Primetime 24 Joint Venture</u>, 76 F. Supp. 2d 1333 (S.D. Fl. 1998) ("[T]he Court finds that Fox and CBS are 'beneficial owners' and have standing to sue even if they grant an exclusive

1

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/706137.1

Case No CV 09-03803 SJO (SSx)
BBTV'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

IPTV is simply wrong in positing that BBTV's alleged duty to sue infringers would render IPTV's alleged license non-exclusive and so outside section 204.[3]

Finally, IPTV may not survive summary judgment by suddenly claiming its license was non-exclusive, after pleading and testifying <u>ten</u> times, Decl. of Sanjay Bhandari in Supp. of BBTV's Reply ("Reply Decl.") ¶ 3, that it was exclusive.  <u>PMC, Inc. v. Saban Entertainment, Inc.</u>, 45 Cal. App. 4th 579, 593 (1996) (putative licensee's switch to a claim of a nonexclusive license disallowed as "disingenuous" given that "the entire premise of [its] lawsuit was based upon the claim that it had an exclusive agreement" as it had repeatedly pleaded); <u>Kennedy v. Allied Mutual Ins. Co.</u>, 952 F.2d 262, 266 (9th Cir. 1991) ("[A] party cannot create an issue of fact by an affidavit contradicting his prior testimony.").

## II. IPTV'S OTHER AFFIRMATIVE DEFENSES ALSO FAIL

IPTV raises four other defenses, all strongly disfavored:[4]  (1) implied nonexclusive license, (2) laches, (3) equitable estoppel, and (4) unclean hands.  In support, it claims that BBTV delivered programs to IPTV intending that IPTV use

---

license to their affiliates."); <u>Kamakazi Music Corp. v. Robbins Music Corp.</u>, 534 F. Supp. 69, 74 (S.D.N.Y.), <u>aff'd</u>, 684 F.2d 228 (2d Cir. 1982); <u>Harris v. Simon & Schuster, Inc.</u>, 646 F. Supp. 2nd 622, 632 (S.D.N.Y. 2009).

[3] In any case, Congress wrote section 204(a) and section 101's definition of "transfer of ownership" using broad, inclusive language, with a narrow exception only for nonexclusive licenses.  Reply Decl, Ex. 1.  Thus, directly contrary to IPTV's argument, statutory construction would actually dictate that all transfers other than a pure nonexclusive licenses should fall under section 204, even if somewhat different from a conventional exclusive license.

[4] <u>The Weinstein Co. v. Smokewood Entertainment Group, LLC</u>, Case No. 09-Civ-1972, 2009 LEXIS 88682 at *(S.D.N.Y. 2009) (implied nonexclusive licenses recognized "only in narrow circumstances where one party created a work at the other's request and handed it over, intending that the other copy and distribute it."); <u>Telink, Inc. v. U.S.</u>, 24 F.3d 42, 45 n.3 (9th Cir. 1994) ("Generally speaking, if Congress has provided a specific limitations period, a court should not apply laches. In such cases, . . . a [party] may do what he likes as long as he brings his suit within the stipulated period."); <u>Peter Letterese & Assocs. v. World Inst. of Scientology Enters.</u>, 533 F.3d 1287 (11th Cir. 2008) (limiting laches to "exceptional circumstances" within the statute of limitations for copyright cases); <u>Taita Chemical Co. v. Westlake Styrene Corp.</u>, 246 F.3d 377, 389 (5th Cir. 2001) ("Equitable estoppel is disfavored and should only be applied as needed to avoid injustice."); <u>Richardson v. U.S.</u>, 60 U.S. 263, 267 (1857) ("[E]stoppels, which preclude the party from showing the truth, are not favored."); 3 Nimmer on Copyright, § 13.09[B] at 13-145 (1988) (unclean hands is "recognized only rarely").

2

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/706137.1

Case No CV 09-03803 SJO (SSx)
BBTV'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

them; that for years BBTV lulled IPTV into believing a long-term relationship would continue, in reliance on which IPTV invested and did not pursue a sublicense from others in 2008; and that BBTV sat quietly for nearly a year before suing. Opp., 13-14.

However, this story relies on attorney argument, not evidence, Reply Decl., ¶ 4, and it misrepresents what the evidence (by Defendants' own admissions) actually shows: BBTV did not create works for IPTV but for broadcast viewers in Thailand; IPTV was not given any works by BBTV, but instead just copied BBTV's over-the-air broadcasts;[5] IPTV was not lulled by BBTV, but rather had a series of one-year licenses with no guaranteed renewal rights; nobody could have given IPTV the sublicense it claims it did not seek in reliance on negotiations with BBTV; and BBTV did not sit idly giving rise to reasonable reliance, but rather told IPTV in August 2008 it needed time to review its copyrights before it would be ready to sue infringers, told IPTV many times it lacked a license, and sued IPTV within ten months. Id. ¶¶ 4-5.

These facts do not permit a finding of the "narrow circumstances" required for an implied nonexclusive license, namely, the author's creation of a work for the putative licensee, and delivery of the work to it under circumstances showing its intent to allow the licensee's use. See supra n. 4; Mot. (Docket No. 121-1) at 9-10.

Nor do the facts allow a finding of the exceptional circumstances required for laches in cases involving a Congressionally set limitations period: IPTV cites not a single case holding ten months to be unreasonable delay (and BBTV's research indicates no such case exists—see, e.g., Linderoth Assocs. Architects v. Amberwood Dev.. Inc., 84 U.S.P.Q.2d 1059, 2007 U.S. Dist. LEXIS 67715 at *9 (D. Ariz. 2007) ("even a delay of two years is generally viewed as insufficient for laches") (collecting authorities)); it admits it knew BBTV needed time to research its copyrights before suing; it concedes BBTV told it multiple times that it lacked a license; and it has no evidence of prejudicial reliance on delay. Reply Decl. ¶ 5.

---

[5] IPTV's argument essentially posits that broadcasters such as BBTV, or CBS and NBC wrongfully tempt viewers to engage in copyright infringement simply by sending their programs over the airwaves, which is all BBTV did. That is absurd.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/706137.1

3

Case No CV 09-03803 SJO (SSx)
BBTV'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

1    Nor, finally, are equitable estoppel or unclean hands viable.  Equitable estoppel
2 requires both detrimental reliance, Opp. at 13, which IPTV has not shown, see infra. at
3 4-5, and that IPTV used BBTV's work "without knowing [BBTV] objected to [its]
4 use," which cannot be found given BBTV's multiple notices to IPTV.  Brother
5 Records v. Jardine, 318 F.3d 900, 909 (9th Cir. 2003); Reply Decl. ¶ 5.  To support
6 unclean hands, IPTV argues "BBTV continued to provide IPTV provide access to its
7 copyrighted works and said nothing while IPTV continued to distribute the
8 programs," Opp. at 16; but this does not prove the necessary fraud or deceit, Jardine,
9 318 F.3d at 909, and it is unsupported argument, contrary to facts.  Reply Decl. ¶ 4-5.[6]

## III.  IPTV'S COUNTERCLAIMS FAIL

BBTV's motion pointed out deficiencies in each of IPTV's counterclaims, and IPTV's inability to prove any proximately caused damages.  IPTV's opposition largely fails to respond, making only a few mostly nonresponsive arguments.

First, IPTV argues that BBTV's motion fails for not listing uncontested facts, Opp. at 16-17; but a movant need not establish facts, and can instead point out legal barriers to recovery, or the nonmovant's inability to carry their burden of proof.

Second, IPTV argues that BBTV's motion depends entirely on section 204(a). Opp. at 17.  But in fact, most of the motion does not.  The motion's grounds included: (1) that California law bars converting a contract claim to a fraud claim by simply claiming promises were made without the intent to perform, Mot. (Docket No. 121-1) at 12-13; and (2) that intentional interference with contract or prospective advantage requires independent illegality, which IPTV has not plead and cannot prove, id. at 14. IPTV recites case law on the elements of its claims, but never responds to any of these

---

[6] Though insufficient to prove its equitable defenses, IPTV's presentation of its oral license allegations to avoid the consequences of section 204—i.e., a finding of infringement as a result of the rejection of its license defense—is clearly improper. IPTV cites no authority supporting its proposed limiting of Pamiloff's rejection of such equitable defenses to ownership disputes; Pamiloff's holding was expressly based on Congress' policy of protecting Copyright owners from fraudulent oral license defenses, which protection would be meaningless if infringers could still present the same allegations in support of equitable defenses.  Pamiloff v. Giant Records, 794 F. Supp. 933, 937 (N.D. Cal. 1992).

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/706137.1

4

Case No CV 09-03803 SJO (SSx)
BBTV'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

grounds of BBTV's motion. Opp. at 17-20. Nor has IPTV made any response to BBTV's arguments based upon section 204, other than to argue section 204 does not apply; as section 204 does in fact apply, it does indeed bar IPTV's claims, for reasons previously stated. Mot. at 12-15. Finally, IPTV also fails to address its inability to prove proximate causation of damages, providing no proof of any injury caused by legally relevant conduct.[7]

## IV. CONCLUSION

Because Defendants' arguments against the applicability of 17 U.S.C. § 204(a) to their oral license defense fail as a matter of law, as do their other defenses, summary judgment of copyright infringement should be entered against IPTV and Ron Petcha (as to whom Defendants' Opposition did not even attempt to argue against contributory liability upon a finding of IPTV's liability). As IPTV's counterclaims also fail, both as legally barred and unsupported by proximately caused damages, judgment should also be entered against IPTV on all counterclaims.

Dated:   March 25, 2010                        BAKER & McKENZIE LLP

                                               By: /s/ Sanjay Bhandari
                                               ──────────────────────────
                                                   Sanjay Bhandari
                                                   Attorneys for Plaintiff BBTV

---

[7] IPTV relies on two declarations by Mr. Petcha, Opp. at 20 (citing Docket No. 136-1, SDF #28, which cites Docket No. 42, ¶¶ 28-29 and Docket No. 121-5, ¶10), neither of which discuss any injury caused by alleged misrepresentations upon which IPTV could reasonably rely. Instead, they discuss (1) IPTV's current loss of revenues, after the end of its alleged oral one-year license through mid-2009—clearly not recoverable, for an oral agreement to indefinitely continue an exclusive license has not been alleged and is legally barred, Weinstein, 2009 LEXIS 88682 at *41, Cal. Civil Code § 1624 (requiring a writing for contracts over one year in length); and (2) costs of this lawsuit, which are not recoverable as lawsuits are constitutionally privileged petitioning activity. White v. Lee, 227 F.3d 1214, 1231 (9th Cir. 2000). IPTV asserts no other support for its claim, other than conclusory assertions insufficient to present a genuine issue of fact. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment.").

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/706137.1

5

Case No CV 09-03803 SJO (SSx)
BBTV'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT